IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Willie M. Carter,<br>    Plaintiff,<br><br>v.<br><br>Michael J. Astrue, Commissioner of Social<br>Security Administration<br>    Defendant. | Case No. 0:09-cv-1550-RMG-PJG<br><br>**ORDER** |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits ("DIB"). Plaintiff appealed pursuant to 42 U.S.C. §§ 405(g). The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, et seq., D. S.C. For the reasons set forth below, the court adopts the Report, which was filed on June 1, 2010, incorporates it herein by reference, and affirms the decision of the Commissioner.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

Page 1 of 9

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir.1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir.1971).

The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir.1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir.1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). The Commissioner's findings of fact are not binding, however, if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir.1987).

## DISCUSSION

The Magistrate Judge recommends that the court affirm the Commissioner's decision. (Dkt.

No. 14). On June 9, 2010, Plaintiff filed an objection to this recommendation arguing that the Commissioner's conclusions do not accurately reflect or evaluate the medical evidence and treating physicians opinions and that the ALJ relied on flawed vocational expert testimony. (Dkt. No. 16). On June 23, 2010, the Commissioner filed a response to Plaintiff's objection. (Dkt. No. 18). As noted above, while this court must uphold a decision by the Commissioner that is supported by substantial evidence, this court reviews *de novo* any portion of the Report to which either party specifically objects.

In order to be considered "disabled" within the meaning of the Social Security Act, Plaintiff must show that he has an impairment or combination of impairments which prevent him from engaging in all substantial gainful activity for which he is qualified by his age, education, experience and functional capacity, and which has lasted or could reasonably be expected to last for at least twelve (12) consecutive months. The regulations require the ALJ to consider, in sequence:

1) whether the claimant is engaged in substantial gainful activity;
2) whether the claimant has a "severe" impairment;
3) whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 4, Subpart P, Appendix 1 ("the Listings"), and thus is presumptively disabled;
4) whether the claimant can perform his past relevant work; and
5) whether the claimant's impairments prevent him from doing any other kind of work.

20 C.F.R. § 404.1520(a)(4). If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. *Id.*

At the administrative level, after a thorough review of the evidence and testimony in the case, the ALJ concluded that, among other things, that Plaintiff was not disabled and there were many jobs he is capable of performing despite his not being able to perform his past relevant work. (Dkt. No. 14). After a careful *de novo* review and consideration of the evidence and arguments presented,

this Court finds that there is substantial evidence in the record to support the conclusion of the ALJ that Plaintiff was not disabled as that term is defined in the Social Security Act. Accordingly, the denial of benefits is affirmed as detailed herein.

## I. Background

As stated above, this matter is on appeal to this Court from a denial of disability benefits to the claimant, a military veteran who is asserting that he is disabled from a combination of physical and mental disabilities. Plaintiff's primary claims as to his disability relate to a diagnosis of post traumatic stress disorder and difficulties with his back. Plaintiff also notes that he was declared 100% disabled by Veteran's affairs since 2005.

## II. Discussion

### A. Veteran's Affairs Disability Rating for Benefits

Plaintiff initially asserts in light of the determination by the VA that he is disabled, he should also be found disabled under the Social Security Act. However, the definition of disability and the manner of establishing disability of a Veteran are less stringent than the requirements for establishing disability under the Social Security Act. *See* 38 C.F.R. § 3.340(a)(1) (under the regulations governing the VA disability is an "impairment of mind or body which [was] sufficient to render its impossible for the average person to follow a substantially gainful occupation."). Thus, a person can be disabled under the authority governing Veteran's Affairs and not under the Social Security Act. *See Pearson v. Astrue*, 271 Fed. Appx. 979, 980-81 (11th Cir. 2008) (noting that a person may be disabled for the purposes of receiving Veteran's benefits while at the same time not disabled under the Social Security Act).

Plaintiff raised this argument to the ALJ but it was not presented to this Court in Plaintiff's

briefing. However, in this Court's thorough review and having seen the argument previously raised, this Court considered the issue but declines to change the denial of benefits decision based upon it.

## B. Medical Evidence in the Record

The ALJ reviewed the Record and determined that the Plaintiff did not meet the requirements for disability under the Social Security Act. Upon this Court's *de novo* review, the Court found there is substantial evidence in the Record to support the ALJ's decision, as set forth below:

### i. Post Traumatic Stress Disorder

Mr. Carter has been diagnosed since the late 1990's with post traumatic stress disorder ("PTSD") secondary to his experiences in Vietnam in the 1970's. Plaintiff provided his account of flashbacks, difficulty sleeping, nightmares, and episodic panic related events associated with his time in Vietnam.

The Record contains various summaries of his description of events that form the basis of his post traumatic stress disorder diagnosis. (*See* Tr. pp. 207, 260-61, 290, 476-77). However, no examining physician from the VA or anywhere else has diagnosed him as being disabled as a result of the PTSD or some combination of maladies, for the purposes of determining his eligibility for Social Security Benefits. Moreover, the two evaluations of his condition, performed at the request of the Commissioner, reached the conclusion that he is not disabled as that is defined under the Social Security Act. Mr. Carter was personally evaluated by Dr. Subbam Rao, a psychiatrist. The Record indicates that Dr. Rao noted that the patient spent his day "raking the farm, planting the garden, fishing and hunting during the winter time," and that Plaintiff is able to drive. The Social Security Administration's examining physician further noted that Mr. Carter is independent with household chores, money management and self care. Dr. Rao also noted that Plaintiff had no

limitations on walking, listening and reasoning. She did note that Mr. Carter's concentration was at times abnormal and that his hearing was abnormal on his right side. However, Dr. Rao concluded that "there was no evidence of the patient having personal, social, or occupational adjustments due to his mental disease at the current time." Dr. Rao did note her impression that he did have PTSD and possible cognitive problems. She also noted that he has not been treated with psychotropic medications for this condition. But she found "[t]here do not appear to be problems with the patient making personal, social, or occupational adjustments due to his mental disease at the current time." (Tr. Pp. 298-301). There was also a review of Dr. Rao's note by another reviewer, Dr. William McCall. Dr. McCall endorsed the findings of Dr. Rao and found there to be nothing with his condition that hampered his ability to work.

### ii. Spine Abnormalities/Pain

Mr. Carter focused, in his testimony during his administrative hearing before the ALJ, on the fact that he had neck pain and took medication for that pain. The Record also contains argument from his Counsel that Mr. Carter has a history of wasting of muscle in the upper extremities and some nerve abnormalities with the ulnar nerve. Much argument was also focused on an abnormal MRI that documented various cervical spine abnormalities and spinal stenosis. (Tr. pp. 366-67). The VA did a medical work up of the apparent muscle wasting in the upper extremities, which lead to the MRI. Following the MRI, a VA neurologist conducted a neurological evaluation. This evaluation indicated that the patient was stable and was having no problem with activities of daily living. (Tr. pp. 584-86).

There was also an evaluation done for the Social Security Administration by Dr. Forest Pommernke. His evaluation included a musculoskeletal and neurological assessment. The

Page 6 of 9

musculoskeletal evaluation was "quite normal" and Dr. Pommernke noted that Plaintiff has "normal posture, gait, and movement." He did note the presence of a muscle "shrunken in his upper extremities" but the doctor noted there was "no paralysis, no tremor and no spasm." The doctor noted that Plaintiff's muscle strength was at least 4/5 if not higher in all extremities and that his range of motion was normal. Mr. Cater's effort was noted as being good, that his symptoms did not increase, and did not show any pain behaviors. The neurological evaluation was also "quite normal except maybe some numbness of his right thumb." Thus, Dr. Pommernke then went through a detailed neurological evaluation which was normal. (Tr. p. 294-95). He concluded that "Mr. Carter has a number of problems but his examine today was fairly unremarkable." (Tr. p. 296). Accordingly, in considering the sequence setforth in 20 C.F.R. § 404.1520(a)(4) and in light of Dr. Pommernke's findings, the ALJ correctly opined that Plaintiff still has the residual functional capacity for medium work (Tr. pp. 24-27) despite the ALJ's earlier conclusion that Plaintiff had "severe" impairments."[1]

Hence, based upon this Court's comprehensive *de novo* review, undersigned concludes that Mr. Carter does have certain conditions, including PTSD and cervical spine abnormalities, and these conditions may be episodically symptomatic. However, from a vocational standpoint and under the statutory scheme governing Social Security benefits, there simply is not evidence to support

---

[1] Social Security regulations define an impairment as "severe" if it impairs a claimant's ability to work. SSR 96-8p contemplates that a "severe" impairment "has more than a minimal effect on the ability to do basic work activities." SSR 96-8p. Thus, concluding that a claimant has residual functional capacity for medium work *and* severe impairments are consistent under the regulatory scheme. Further, claimants have the ability to perform medium work despite severe impairments. *See, e.g., Bell v. Commissioner of Social Security*, 2007 WL 6847410 (D.S.C. 2007) (affirming ALJ's denial of benefits for claimant with severe impairments but capacity to perform medium work).
Page 7 of 9

disability. Thus, the ALJ's denial of benefits is affirmed.

### C. Vocational expert

Plaintiff's argues that the vocational expert relied on a flawed hypothetical. (Dkt. No. 11 at p. 17-18). Plaintiff contends this resulted in the ALJ misapplying the law. As described below, this contention is without merit.

The Record contains substantial evidence that Mr. Carter is not disabled. Nonetheless, the ALJ, in presenting the information for the vocational expert to consider in his hypothetical, placed a "medium work" category restriction upon Mr. Carter. Thus, while the ALJ found that Mr. Carter have severe impairment related to his back he also imposed limitations for the vocational expert to assess in offering testimony. (*See* Tr. pp. 28, 628). As indicated herein above, these two actions by the ALJ–the finding of severe impairment and use of a medium work restriction designation–are not inconsistent and conform to the duties imposed upon the ALJ. As a result, the Record reflects that the Plaintiff's impairments were accurately and fairly setforth and the expert's testimony was based upon this. *See Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989) (stating that "[i]n order for a vocational expert's opinion to be relevant or helpful, it must be based upon a consideration of all other evidence in the record, and it must be in response to proper hypothetical questions which fairly set out all of [the] claimant's impairments.").

Thus, the ALJ properly relied on the vocational expert testimony as to the potential work that Plaintiff could perform. Therefore, the ALJ's decision is affirmed on this point as well.

### CONCLUSION

For the reasons set forth above, this court adopts the Report and Recommendation of the Magistrate Judge and affirms the decision of the Commissioner.

**IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court

September 28, 2010
Charleston, South Carolina